**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

**KENNETH R. STALLINGS,**

    **Plaintiff,**

  **v.**                                   **ACTION NO. 4:07cv7**

**BIL-JAX, INC., and**
**HOME DEPOT U.S.A., INC.,**

    **Defendants.**

### MEMORANDUM OPINION AND ORDER

Plaintiff Kenneth R. Stallings ("Stallings") brings this products liability action seeking redress for injuries suffered when a scaffold that was manufactured by Defendant Bil-Jax, Inc. ("Bil-Jax"), and rented from a retail store operated by Defendant Home Depot U.S.A., Inc. ("Home Depot"), collapsed beneath him. This matter is before the court on Bil-Jax's motion for summary judgment and Home Depot's motion for summary judgment. For the reasons set forth herein, these motions are **DENIED**.

### I.  Factual and Procedural History[1]

On or about August 28, 2004, Stallings suffered injuries to his foot and ankle when the scaffold that he was standing on collapsed beneath him. His brother had rented the scaffold from

---

[1] The facts are presented in the light most favorable to Stallings. See Lee v. York County Sch. Div., 484 F.3d 687, 693 (4th Cir. 2007) (explaining that in reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party).

Home Depot store number 4613 ("store 4613") a few days earlier. In September 2004, Stallings retained the law firm of Joynes & Gaidies, which, in turn, hired an expert to inspect the scaffold and determine the cause of its failure. The expert inspected and photographed the scaffold on or about September 23, 2004. One of the photographs shows that the scaffold was labeled with the name "bil-jax" and a serial number.

In a letter dated September 24, 2004, Joynes & Gaidies advised Sedgwick Claims Management Service ("Sedgwick"), Home Depot's agent, that it had been retained to represent Stallings in relation to an injury suffered on August 28, 2004. The letter referenced store 4613. It did not, however, indicate that Stallings's injury occurred as a result of his use of a scaffold rented from that store.

On or about October 7, 2004, Stallings's brother received a letter from the management of store 4613 informing him that if he did not return the scaffold to the store, civil and/or criminal court action would be taken against him. On October 14, 2004, Stallings and his brother returned the scaffold to store 4613. Stallings, who was wearing a cast on his foot, informed a Home Depot employee that it was defective and should not be rented to anyone else, but he does not recall whether he told the employee that an accident had occurred. His brother believes that Stallings did, in fact, inform the employee that there had been an accident.

2

The employee asked Stallings if he was suing Home Depot, but Stallings did not answer his question.

In a letter dated February 15, 2005, Joynes & Gaidies informed store 4613 that it was representing Stallings and that Stallings had been injured while using a scaffold rented from the store. On February 28, 2005, Sedgwick sent Joynes & Gaidies a letter confirming that it had received notification of Joynes & Gaidies's representation of Stallings.[2] Both Sedgwick and Joynes & Gaidies subsequently sent Bil-Jax letters, notifying it of Stallings's claims.[3] Bil-Jax received notice of his claims on or about March 10, 2005.

On or about June 28, 2006, Stallings filed a complaint against Bil-Jax and Home Depot in the Circuit Court for the City of Newport News, Virginia. He subsequently filed an amended complaint. In his amended complaint, he sets forth the following allegations: (1) Bil-Jax negligently designed and manufactured the scaffold; (2) Home Depot negligently failed to maintain, inspect, and repair the scaffold; (3) Bil-Jax and Home Depot breached implied warranties of merchantability and fitness, as well as certain express warranties; and (4) Bil-Jax and Home Depot negligently failed to provide

---

[2] It is not clear whether this letter was sent in response to the letter of September 24, 2004, which was sent to Sedgwick, or the letter of February 15, 2005, which was sent to the store.

[3] Stallings has asserted that he "did not learn of Bil-Jax's involvement until February 15, 2005." Bil-Jax's Mem. in Supp. of Mot. for Summ. J., Ex. A ¶ 5.

certain warnings to Stallings and his brother.

On January 17, 2007, this case was removed to this court. On May 23, 2007, Bil-Jax filed a motion for summary judgment, with a supporting memorandum. Attached to the memorandum is, among other things, a copy of Home Depot's responses to Bil-Jax's request for admissions. In this document, Home Depot states the following "admissions": (1) neither Stallings nor his brother provided Home Depot with notice of the accident and injuries sustained by Stallings when he returned the scaffold to store 4613; (2) after Stallings returned the scaffold to store 4613, employees of the store returned the scaffold to its rental inventory, and the scaffold was commingled with other scaffolds; (3) on or after October 14, 2004, Home Depot had no ability to identify or produce "the scaffolding platform"; (4) on or after March 10, 2005, Home Depot had no ability to identify or produce "the scaffolding platform"; and (5) Home Depot "is incapable of producing the scaffold for inspection." Bil-Jax's Mem. in Supp. of Mot. for Summ. J., Ex. C. In its memorandum, Bil-Jax asserts that the scaffold has simply "vanished." Bil-Jax's Mem. in Supp. of Mot. for Summ. J. at 2. It contends that this court should grant summary judgment because Stallings's actions constitute spoliation of evidence.

On June 4, 2007, the court received Stallings's reply brief to Bil-Jax's motion for summary judgment. On June 5, 2007, the court

4

received Bil-Jax's memorandum in rebuttal to Stallings's reply brief.  On this same day, Home Depot filed a motion for summary judgment, with a supporting memorandum.  The grounds for its motion are essentially identical to the grounds for Bil-Jax's motion.  On June 11, 2007, the court received Stallings's reply brief to Home Depot's motion for summary judgment.  As the time for Home Depot to file a memorandum in rebuttal to Stallings's reply brief has expired, the matter is ripe for review.

## II.  Standard of Review

"Summary judgment is warranted when the admissible evidence forecasted by the parties 'demonstrates that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law.'"  Toll Bros., Inc. v. Dryvit Sys., Inc., 432 F.3d 564, 568 (4th Cir. 2005) (quoting Williams v. Staples, Inc., 372 F.3d 662, 667 (4th Cir. 2004)); see FED. R. CIV. P. 56(c).  In reviewing a motion for summary judgment, the court must view the facts, as well as the reasonable inferences to be drawn therefrom, in the light most favorable to the non-movant. Denny v. Elizabeth Arden Salons, Inc.  456 F.3d 427, 437 (4th Cir. 2006).

## III.  Analysis

The Fourth Circuit has explained that "[s]poliation refers to the destruction or material alteration of evidence or to the failure to preserve property for another's use as evidence in

5

pending or reasonably foreseeable litigation." <u>Silvestri v. Gen. Motors Corp.</u>, 271 F.3d 583, 590 (4th Cir. 2001). It is well-settled that a party has a duty to preserve material evidence, and this duty "arises not only during litigation but also extends to that period before the litigation when a party reasonably should know that the evidence may be relevant to anticipated litigation." <u>Id.</u> at 591. If the party does not own or control the evidence, the party "still has an obligation to give the opposing party notice of access to the evidence or of the possible destruction of the evidence if the party anticipates litigation involving that evidence." <u>Id.</u>

"The right to impose sanctions for spoliation arises from a court's inherent power to control the judicial process and litigation, but the power is limited to that necessary to redress conduct 'which abuses the judicial process.'" <u>Id.</u> at 590 (quoting <u>Chambers v. NASCO, Inc.</u>, 501 U.S. 32, 45-46 (1991)). District courts have broad discretion in choosing an appropriate sanction for spoliation. <u>Id.</u> The purposes of imposing such a sanction include leveling the evidentiary playing field and sanctioning improper conduct. <u>Id.</u> The sanction of dismissal should be avoided if a lesser sanction will serve these purposes. <u>Id.</u> "[T]o justify the harsh sanction of dismissal, the district court must consider both the spoliator's conduct and the prejudice caused and be able to conclude either (1) that the spoliator's conduct was so

6

egregious as to amount to a forfeiture of his claim, or (2) that the effect of the spoliator's conduct was so prejudicial that it substantially denied the defendant the ability to defend the claim." Id. at 593.

In this case, Bil-Jax and Home Depot set forth two grounds for their motions for summary judgment. They argue that dismissal of this lawsuit is warranted because of the purportedly egregious conduct of Stallings and his counsel or, in the alternative, because the conduct was allegedly so prejudicial that it substantially denied their ability to defend Stallings's claims. With respect to the first ground, the court notes that there is no indication that Stallings could have known that by returning the scaffold to store 4613, which is owned and operated by one of the defendants in this action, he would be depriving the defendants of possession and access to the scaffold. It is undisputed that upon returning the scaffold to the store, he informed a Home Depot employee that it was defective and should not be rented to anyone else. Also, the scaffold was labeled with a serial number. Under these circumstances, it seems unlikely that he could have envisioned that Home Depot would be unable to locate the scaffold at a future date.

Moreover, this is not a case where the plaintiff failed to provide any notice whatsoever of his potential claims to the defendants. Stallings, while wearing a cast, informed a Home Depot

employee that the scaffold was defective. The employee subsequently asked him if he was suing Home Depot. It may be reasonably inferred from this exchange that the employee saw Stallings's cast and recognized that Stallings was involved in an accident while using the scaffold. In any event, Stallings's brother testified during his deposition that Stallings did, in fact, inform the employee that an accident had occurred. Viewing these facts in the light most favorable to Stallings, Home Depot received timely notice that Stallings had been involved in an accident while using the scaffold, and arguably should have foreseen that the scaffold might be the subject of future litigation.

In addition, counsel for Stallings sent Sedgwick a letter on September 24, 2004, providing notification that it had been retained by Stallings to investigate a personal injury that had some connection with store 4613. Although this letter should have been more specific, it provided some notice to Home Depot that Stallings might bring a lawsuit against it. Because this letter was sent more than two weeks before the scaffold was returned to the store, Home Depot had ample time to make a timely request for additional information regarding the nature of the incident referred to in the letter. Had it done so, Home Depot could have made arrangements to acquire possession of the scaffold on or before the date Stallings returned it, and both Home Depot and Bil-

Jax could have inspected it. Viewing all of the above circumstances in the light most favorable to Stallings, he and his counsel at most acted negligently, and Home Depot may well deserve some blame for the purported "vanishing" of the scaffold. The court, therefore, cannot conclude that the conduct of Stallings and his counsel was sufficiently egregious to warrant dismissal of this action against Bil-Jax or Home Depot.

Turning to the second ground for the motions for summary judgment, the court notes that although the defendants allege that Home Depot cannot locate the scaffold, they have not come forward with admissible evidence to prove this allegation. Neither defendant has come forward with affidavits or other evidence indicating that the scaffold, which was labeled with a serial number, could not be located or explaining why it could not be found. Rather, in support of their contention that Stallings's conduct has substantially denied them the ability to defend his claims, both defendants rely solely on Home Depot's response to Bil-Jax's request for admissions. See Bil-Jax's Mem. in Supp. of Mot. for Summ. J. at 2 (explaining that the scaffold "vanished" after being returned to Home Depot by Stallings and citing Home Depot's responses to its request for admissions); Home Depot's Mem. in Supp. of Mot. for Summ. J. at 3 (noting that Home Depot is moving for summary judgment for substantially the same reasons as Bil-Jax). The court finds the prospect of dismissing this action

9

against one or both defendants based on the "admission" of one defendant made in response to a request for admissions made by the other simply inappropriate. See 8A CHARLES A. WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 2264 (1994) ("A party may not utilize its own admissions at the trial. It is only when the admission is offered <u>against the party who made it</u> that it comes within the exception to the hearsay rule for admissions of a party opponent." (emphasis added)); see also FED. R. EVID. 801(d)(2).

Moreover, although Home Depot's responses to Bil-Jax's request for admissions indicate that the <u>scaffolding</u> <u>platform</u> could not be located on or after March 10, 2005, a date on which it is undisputed that both Bil-Jax and Home Depot had notice of Stallings's potential claims, there is no indication that the remaining parts of the scaffold could not have been located on this date.[4] Furthermore, although Stallings alleges several different types of claims against the defendants in his complaint, it appears that the gravamen of his complaint is that the scaffold was

---

[4]Home Depot's responses to Bil-Jax's request for admissions also contain the statement that "Home Depot is incapable of producing the scaffold for inspection." Bil-Jax's Mem. in Supp. of Mot. for Summ. J., Ex. C. The court assumes that this statement means that at the time of this "admission," which was made after this case was removed to this court in January 2007, Home Depot was incapable of producing any of the parts of the scaffold. Given the fact that both defendants had notice of Stallings's potential claims on or before March 10, 2005, Home Depot's inability to locate the scaffold in 2007, without more, is not an adequate basis for dismissing this action. Dismissing this action would essentially reward the defendants for their own lack of diligence in this matter.

negligently designed. See Pl.'s Reply Mem. to Def.'s Mot. for Summ. J. at 5 & Ex. 1.[5] Given that the scaffold is a fairly simple piece of equipment, that photographs of the scaffold were taken before it was returned to Home Depot, and that the defendants in all likelihood have scaffolds in their possession that are the same model as the one used by Stallings, the court cannot conclude at this early stage of the litigation that Home Depot and Bil-Jax will be substantially denied the ability to defend Stallings's claim that the scaffold was negligently designed. For this reason, and because it is clear that Stallings's conduct was not sufficiently egregious to justify dismissal of this action, the defendants' motions for summary judgment are **DENIED**.[6]

---

[5]Stallings did not label the exhibits attached to his memorandum in reply to Bil-Jax's motion for summary judgment. Therefore, the court assigned them numbers based on the order in which they were attached to the memorandum in reply. Exhibit 1 is located directly below the memorandum in reply.

[6]The court further notes that the motions for summary judgment are not compliant with Rule 56(B) of the Local Civil Rules of the United States District Court for the Eastern District of Virginia ("the local rules"). This rule requires the party moving for summary judgment to set forth a "specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed." E.D. Va. Local Civ. R. 56(B). It also requires a brief in response to such a motion to "include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated and citing the parts of the record relied on to support the facts alleged to be in dispute." Id.

## **IV. Conclusion**

For the reasons set forth above, Bil-Jax's motion for summary judgment and Home Depot's motion for summary judgment are **DENIED**.[7] The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Order to counsel for plaintiff and defendants.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia

June 20, 2007

---

[7] Neither defendant asked this court to consider whether it is appropriate to impose a less drastic sanction than dismissal based on the conduct of Stallings and his counsel, and nothing in this Memorandum Opinion and Order is intended to preclude defendants from seeking a lesser sanction at a future date. See, e.g., Vodusek v. Bayliner Marine Corp., 71 F.3d 148, 157 (4th Cir. 1995) (concluding that "the district court acted within its discretion in permitting the jury to draw an adverse inference if it found that [the plaintiff] or her agents caused destruction or loss of relevant evidence"). Although the court declines to impose the harsh sanction of dismissal, the court cannot condone the lackluster efforts and arguably negligent conduct of Stallings's counsel in failing to provide Home Depot with the following: (1) timely notice of the expert's inspection of the scaffold, which was obviously conducted in anticipation of litigation; and (2) a description of the nature of Stallings's claims prior to the date the scaffold was returned.